UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN DWAYNE THERIOT,

    Plaintiff,

v.                                                                                      Case No. 2:09-cv-199
                                                                                     HON. R. ALLAN EDGAR

JEFFREY WOODS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

        Plaintiff Kevin Dewayne Theriot, an inmate currently confined at the Michigan Reformatory in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections employees Jeffrey Woods, Mary Malkowski and Ian McDonald. On February 18, 2010, this Court issued an Order dismissing plaintiff's claims against defendants Malkowski and McDonald and ordering service of plaintiff's complaint on defendant Woods. Plaintiff's complaint was served on defendant Woods on March 1, 2010. Plaintiff filed an application for entry of default on March 24, 2010, requesting that default be entered against defendant Woods for failure to plead as provided by law. Default was entered against defendant Woods on March 24, 2010. Thereafter, plaintiff filed a motion for default judgment. Defendant Woods has filed a response to plaintiff's motion for default judgment and has filed a motion for summary judgment. The undersigned has reviewed the materials filed in this matter and concludes that default judgment is not appropriate.

Defendant explains in his response to the motion for default judgment:

a) Defendant and defense counsel did not willfully refuse to timely respond to Plaintiff's Amended Complaint.

b) Defendant Woods received the Summons and Complaint, on March 1, 2010.

c) Defendant's secretary, after discussion with the MDOC's litigation office, believed that Defendant Woods was not properly served. She notified counsel's office on March 1, 2010, that she was holding the documents awaiting proper service.

d) Defense counsel's secretarial staff, who process mail from the MDOC, did not notice the underlying documents attached to the memorandum indicating there was no proper service, which suggested that perhaps Defendant was properly served, and therefore, did not bring this case to the attention of Corrections Division attorneys.

e) On April 20, 2010, Defendant Woods' secretary received the April 20, 2010 Order requiring Defendant's response to the Motion for Default Judgment, and this information was forwarded to defense counsel's office.

f) On April 20, 2010, defense counsel's office investigated the proceedings on PACER, and discovered that service was indeed properly made, and immediately took action. Counsel filed her appearance on behalf of Defendant Woods that same day, April 20, 2010.

*See* Defendant Wood's Response to Plaintiff's Motion For Default Judgment, Docket #29.

In the opinion of the undersigned, defendant has established that he did not act in bad faith or in an obstructionist manner. Furthermore, the record does not indicate that plaintiff has been substantially prejudiced by the relatively short delay at issue. Accordingly, it is recommended that plaintiff's motion for default judgment (Docket #23) be denied and the default entered against

defendant Woods be set aside. It is further recommended that plaintiff's motion for "proof of claim" (Docket #19) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 1, 2010